UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROCHELL TATE,

Case No.

Plaintiff,

v.

DAVID P. STEINER,
Postmaster General,

Defendant.

**COMPLAINT**

Rochell Tate, by her attorney, Sandra G. Radtke, of Radtke Law Office, LLC alleges as follows:

1. This is an action brought pursuant to section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791; and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (FMLA); and Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq., to redress unlawful employment discrimination, failure to reasonably accommodate, interference, and retaliation by the Defendant.
2. The court has jurisdiction of this action under 28 U.S.C. sec. 1331 because the case arose under the Constitution and laws of the United States and under 28 U.S.C. sec 2343 (a)(4) because the Plaintiff seeks relief under an Act of Congress for the protection of Civil Rights.
3. The Plaintiff is an adult resident of Racine County.

4. The Defendant is a government entity with a Mail Processing Annex located in Racine, WI.
5. Venue is proper in this district under 28 U.S.C. sec. 1391(b) because the Employer resides in this judicial district as defined in sec. 1391(c).
6. The Plaintiff timely filed a formal complaint with the Equal Employment Opportunity Commission on or about October 2, 2025, and at least 180 days have expired since the filing of the formal complaint.

## FACTS

7. Plaintiff Tate is worked for the US Postal Service for almost 30 years. Her most recent position was as a Clerk at the Racine facility.
8. Tate had a long and established history of engaging in protected EEO activity, including previously filing a number of EEO complaints at the USPS alleging discrimination based on age, race, sex, and disability, of which her supervisors had actual knowledge.
9. Tate is a qualified individual with a disability within the meaning of the Rehabilitation Act as she has a back impairment which substantially limits her major life activities of standing, walking, lifting. Her back condition causes her to have pain and take prescription medications.
10. Tate's back condition also constitutes a serious health condition as defined by the Family and Medical Leave Act.
11. To manage her back impairment, Tate was formally approved by the Defendant for intermittent FMLA leave to cover unexpected medical flare-ups.

12. Tate had a flare up of her back impairment on 4/25/25, and was unable to report to work on time because of it. She properly utilized her approved intermittent FMLA leave, adhering to all call-in procedures.
13. Tate received an FMLA confirmation number, indicating she had properly applied for FMLA.
14. Rather than accommodating Tate's disability flare-up on 4/25/25, the absence was converted to an AWOL absence. Tate was not advised that her 4/25/25 absence was not approved and was documented as an AWOL absence on 5/22/25.
15. On May 22, 2025 Tate was issued a Notice of Removal due to attendance. The Notice included the 4/25/25 absence that was attributable to her disability and should have been covered under the FMLA.
16. Tate was told in the meeting that she would be removed from employment June 22, 2025 due to her attendance.
17. On 5/24/25 Tate was presented with a "Last Chance Agreement" ("LCA") by Management to avoid termination. She was denied Union representation. In attempting to coerce Tate into signing the LCA and waiving her EEO and statutory rights, Defendant falsely stated that she would lose her vested federal retirement benefits if she refused.
18. Tate refused to sign the coercive and deceptive LCA.
19. Tate had put in for vacation from June 30, 2025 to July 13, 2025 in January, 2025. This vacation request was approved and put on the vacation schedule.

20. Tate was allowed to work from 6/23/25 through 6/27/25. Her name remained on the vacation schedule.

21. Tate went on her vacation.

22. When Tate returned from vacation, she learned she had not been paid. She inquired about it and learned that her employment had been terminated effective June 27, 2025, citing attendance as the sole justification. The cited attendance issues directly included her protected FMLA/disability flare-up absence.

## CLAIMS FOR RELIEF

### I. FAILURE TO PROVIDE A REASONABLE ACCOMODATION
(Violation of Section 501 of the Rehabilitation Act)

23. Plaintiff realleges and incorporates all preceding paragraphs.

24. Plaintiff is a qualified individual with a disability who, with or without accommodation, could perform the essential functions of her job.

25. Plaintiff requested and required a reasonable accommodation in the form of intermittent leave to manage unpredictable disability flare-ups.

26. Defendant failed to reasonably accommodate Plaintiff's disability by penalizing her attendance, issuing an ultimatum via an LCA, and ultimately terminating her employment due to absence directly caused by her disability.

### II. DISABILITY RETALIATION
(Violation of Section 501 of the Rehabilitation Act)

27. Plaintiff realleges and incorporates all preceding paragraphs.

28. Plaintiff engaged in protected activity under the Rehabilitation Act by requesting and utilizing reasonable accommodations (including intermittent leave) for her disability.

29. Defendant took immediate adverse employment action against Plaintiff by threatening her vested benefits, demanding she sign an LCA, and terminating her employment.

30. A causal connection exists between Plaintiff's protected use of accommodation leave and her termination, as her protected absences were explicitly used as the pretextual trigger for her removal.

## III. FAMILY AND MEDICAL LEAVE ACT--INTERFERENCE

(Violation of the Family and Medical Leave Act, 29 U.S.C. §2615(a)(1))

31. Plaintiff realleges and incorporates all preceding paragraphs.

32. Plaintiff was eligible for FMLA leave, and Defendant was a covered employer.

33. Plaintiff gave proper notice and validly invoked her right to take intermittent FMLA leave for her serious health condition.

34. Defendant interfered with, restrained, and denied the exercise of Plaintiff's FMLA rights by using her protected FMLA absence as a negative factor in an attendance-based termination action.

## IV. FAMILY AND MEDICAL LEAVE ACT---RETALIATION

(Violation of the Family and Medical Leave Act, 29 U.S.C. §2615(a)(21))

35. Plaintiff realleges and incorporates all preceding paragraphs.

36. Plaintiff exercised her protected rights under the FMLA by taking approved intermittent leave

37. Defendant discriminated against and terminated Plaintiff because she chose to exercise her lawful right to take FMLA leave.

38. Defendant's stated reason for termination (attendance) is a pretext for unlawful FMLA retaliation.

## V. TITLE VII RETALIATION
(Violation of Title VII of the Civil Rights Act of 1964)

39. Plaintiff realleges and incorporates all preceding paragraphs.

40. Plaintiff engaged in protected EEO activity by maintaining a long and active history of filing formal EEO complaints against the agency.

41. Defendant's decision-making officials had direct knowledge of this protected activity.

42. Defendant subjected Plaintiff to a severe adverse action by terminating her employment shortly after continuing her protected EEO pursuits.

43. Defendant's reliance on an attendance policy—and its bad-faith deployment of false threats regarding her retirement to force an LCA waiver—demonstrates that the attendance justification is pretextual, masking a retaliatory motive to remove a frequent filer of EEO complaints and activism.

WHEREFORE, in this cause of action, the Plaintiff prays for judgment against said Defendant as follows:

A. A declaration that she has been discriminated against on the basis of disability;, and retaliation;

B. A declaration that Tate's rights under the FMLA were interfered with and she suffered retaliation in the form of a wrongful discharge due to her exercise of her FMLA rights;

C. Reinstatement, with seniority and other benefits;

D. Back pay, with interest, benefits, and front pay as applicable;

E. Compensatory damages against Defendant because of the physical and mental pain and distress and inconvenience;

F. Liquidated damages under the FMLA for willful violations:

G. Attorney fees, legal expenses and costs incurred in obtaining relief and pursuing this action; and

H. Any other relief the court deems just and proper.

THE PLAINTIFF DEMANDS A JURY TRIAL.

Dated: October 7, 2026

_/s/___Sandra G. Radtke____

Sandra G. Radtke
Attorney for Plaintiff
Radtke Law Office LLC.
15850 W. Bluemound Rd., #200
Brookfield, WI 53005
Ph: (262) 330-8120
Fax: (262) 901-0504
email: radtkelaw@tds.net